UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIN-LIN LIU,<br><br>            Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, N.A.,<br><br>            Defendant. | Case No. 23-cv-05211-JSW<br><br>**ORDER DENYING MOTION TO REMAND, DENYING MOTION TO STRIKE, AND DENYING, IN PART, MOTION TO CONTINUE**<br><br>Re: Dkt. Nos. 12, 15, 21, 22 |

Now before the Court for consideration is the motion to retain jurisdiction, which the Court has construed as a motion to remand, filed by Plaintiff Shin-Lin Liu ("Liu"), the motion strike filed by Defendant Bank of America, N.A. ("BANA"), and the motion to continue, filed by Liu.[1] The Court has considered the parties' papers, relevant legal authority, and the record in this case and finds the motions can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b).

The Court VACATES the hearing scheduled for December 8, 2023, DENIES Liu's motion to remand, DENIES BANA's motion to strike, and GRANTS, IN PART, Liu's motion to continue. The Court DEFERS dismissing the Complaint to permit Liu to join the real party in interest and to obtain counsel on its behalf.

**BACKGROUND AND ANALYSIS**

On September 11, 2023, Liu filed a complaint in Alameda County Superior Court alleging that BANA improperly deducted funds from a bank account belonging to Redwood 101 Investment LLC (the "LLC")  after Liu reported fraud in connection with the transaction. (*See generally* Dkt. No. 1, Notice of Removal, Ex. 1 (Complaint).)  On October 12, 2023, BANA

---

[1] Liu also filed a motion to "re-file the motion to retain jurisdiction," which the Court construes as a reply.  Accordingly, the Court terminates the motion to re-file. (Dkt. No. 22.)

1  removed the action to this Court on the basis of diversity jurisdiction.

2      Liu filed a motion asking that the state court retain jurisdiction, which the Court has
3  construed as a motion to remand. However, the Notice of Removal demonstrates the parties are
4  completely diverse and that Liu seeks damages that exceed the amount in controversy.
5  Accordingly, the Court DENIES the motion to remand.

6      BANA moves to strike the Complaint pursuant to Federal Rule of Civil Procedure 12(f),
7  which the Court, in its discretion, to "strike from a pleading an insufficient defense or any
8  redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *see also Cal.*
9  *Dep't of Toxic Substance Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).
10 "Immaterial matter is that which has no essential or important relationship to the claim for relief or
11 the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 974 F.2d 1524, 1527 (9th Cir. 1993)
12 (internal quotations and citations omitted), *rev'd on other grounds by Fogerty v. Fantasy, Inc.*, 510
13 U.S. 517 (1994). "Impertinent matter consists of statements that do not pertain, and are not
14 necessary, to the issues in question." *Id.* (internal quotations and citations omitted).

15     BANA does not move to strike material contained in the Complaint that qualifies as
16 "immaterial" or "impertinent." Instead, it argues the relief Liu seeks is not recoverable as a matter
17 of law. However, a motion to strike under Rule 12(f) is not the proper vehicle to argue that
18 damages are precluded as a matter of law. *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970,
19 974-75 (9th Cir. 2010).

20     BANA also argues that the LLC is the real party in interest. The Court agrees. Liu argues
21 that the funds in question "belonged to the plaintiff personally." (Opp. Br. ¶ 53.a.) Under
22 California law a member or assignee of an LLC "has no interest in specific limited liability
23 company property." Cal. Corp. Code § 17300; *see also Paclink Commc'ns Int'l, Inc. v. Sup. Ct.*,
24 90 Cal. App. 4th 598, 964 (2001) ("[M]embers of the LLC hold no direct ownership interest in the
25 company's assets," and "the members cannot be directly injured when the company is improperly
26 deprived of those assets.").

27     Under Federal Rule of Civil Procedure 17(a)(3), "[t]he court may not dismiss an action for
28 failure to prosecute in the name of the real party in interest until, after an objection, a reasonable

1  time has been allowed for the real party in interest to ratify, join, or be substituted into the action.
2  After ratification, joinder, or substitution, the action proceeds as if it had been originally
3  commenced by the real party in interest."
4        Accordingly, the Court will grant Liu until March 27, 2024, to permit the LLC to ratify,
5  join, or be substituted in as plaintiff in this case and to obtain counsel for the LLC.  The Court
6  again advises Liu that the Volunteer Legal Help Center can be reached by emailing
7  fedpro@sfbar.org or by calling the appointment line at (415) 782-8982.  The attorney at the Legal
8  Help Center can provide information, advice, and basic legal help but cannot represent litigants as
9  their lawyer.
10        **IT IS SO ORDERED**.
11  Dated: November 29, 2023

                                                _____
                                                JEFFREY S. WHITE
                                                United States District Judge