UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIN-LIN LIU,<br><br>   Plaintiff,<br><br>  v.<br><br>BANK OF AMERICA, N.A.,<br><br>   Defendant. | Case No. 23-cv-05211-JSW<br><br>**ORDER CONTINUING CASE MANAGEMENT CONFERENCE**<br><br>Re: Dkt. No. 30 |

  The Court has received a letter from Shin-Lin Liu regarding legal representation. Defendant moved to strike the Complaint on the basis that a limited liability company ("LLC") is the real party in interest. Based on the allegations, the Court agreed but deferred ruling on Defendant's motion to strike the Complaint because "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). "A proper ratification pursuant to Rule 17(a) requires the ratifying party to: 1) authorize continuation of the action; and 2) agree to be bound by the lawsuit's result." *Mutuelles Unies v. Kroll & Linstrom*, 957 F.2d 707, 712 (9th Cir. 1992) (citing *ICON Group, Inc. v. Mahogany Run Dev. Corp.*, 829 F.2d 473, 478 (3rd Cir. 1987)).

  In his most recent letter, Mr. Shin stated that the Federal Pro Bono Project determined he was not eligible for their services, which had been communicated to the Court. He also states that to date, he has been unable to locate counsel.

  The Court will CONTINUE the case management conference scheduled for May 31, 2024

to August 30, 2024. In the interim, Mr. Liu shall file a status report on or before July 31, 2024 that addresses whether he has been able to locate counsel or has obtained a proper ratification from the LLC to proceed with this action.

**IT IS SO ORDERED**.

Dated: May 28, 2024

_____
JEFFREY S. WHITE
United States District Judge

2