UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIN-LIN LIU,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>    Defendant. | Case No. 23-cv-05211-JSW<br><br>**ORDER GRANTING MOTION TO DISMISS AND CLOSING CASE**<br><br>Re: Dkt. Nos. 38, 44 |

This matter comes before the Court upon consideration of the motion to dismiss filed by Bank of America, N.A. ("BANA"). The Court has considered the parties' papers, including the request for a hearing filed by Plaintiff, relevant legal authority, and the record in this case. The Court concludes that oral argument is not necessary and, for the reasons that follows, GRANTS BANA's motion.

On September 11, 2023, Plaintiff Shin-Lin V. Liu ("Liu") filed a complaint in Alameda County Superior Court alleging that BANA improperly deducted funds from a bank account belonging to Redwood 101 Investment LLC (the "LLC"), after Liu reported fraud in connection with the transaction. (*See generally* Dkt. No. 1, Notice of Removal, Ex. 1 (Complaint).) BANA removed the case to this Court and moved to strike the complaint on the basis that the LLC is the real party in interest. Liu is the LLC's sole member.

On November 29, 2023, the Court denied BANA's motion to strike, found the LLC was the real party in interest, and granted Liu with the opportunity to obtain counsel and to have the LLC ratify, join, or be substituted in to the case. (Dkt. No. 23.) Since then, the Court granted Liu's requests to continue deadlines to find counsel and to have the LLC ratify, join or be substituted in the matter. The Court also referred Liu to the Court's Volunteer Legal Help Center.

(Dkt. Nos. 27, 29, 31.)

On August 22, 2024, Liu provided the Court with a ratification from the LLC. On October 17, 2024, the Court issued an Order accepting the ratification and advised that if Liu obtained counsel before any of the deadlines set in the Order, counsel should file a notice of appearance. (Dkt. No. 36.) The Court also ordered BANA to answer "or otherwise respond" by November 22, 2024. BANA responded by filing its motion to dismiss.[1]

The Court has accepted the LLC's ratification. Even though Liu is the LLC's sole member, the LLC is a separate legal entity that must be represented by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *D-Beam Ltd. Partnership v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004); *see also Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2nd Cir. 2007). Because Liu has not been able to obtain counsel for the LLC, the Court must dismiss the case.

Accordingly, the Court GRANTS the motion to dismiss. The Court has not reached the merits and dismisses the case without prejudice. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: January 6, 2025

_____
JEFFREY S. WHITE
United States District Judge

---

[1] Liu cross-moved for entry of default. The Court directed BANA to answer *or* otherwise respond. BANA's motion to dismiss complies with that Order. Accordingly, the Court DENIES Liu's motion for entry of default.